DeFRONZO, APPELLANT, *v.* BUREAU OF UNEMPLOYMENT
COMPENSATION, APPELLEE.

(No. 77AP-655—Decided December 13, 1977.)

*Mr. George N. Fell, II,* for appellant.

*Mr. William J. Brown,* attorney general, *Mr. Gene W. Holliker, Mr. Michael A. Cantonzaro,* and *Mr. James A. Meaney,* for appellee.

WHITESIDE, J. Plaintiff appeals from a judgment of the Court of Claims and raises two assignments of error, as follows:

"I. The Court of Claims committed reversible error by granting the motion of defendant Administrator of the Bureau of Unemployment Compensation to dismiss the complaint for failure to state a claim upon which relief can be granted, since a notice of intention to file a claim was filed with the Court of Claims within the 180-day notice period required by Section 2743.16 Ohio Revised Code, even though said notice of intention was not accompanied by the $7.50 filing fee and the proper number of copies required by statute were not enclosed.

"II. The Court of Claims committed reversible error by granting Defendant's Motion to Dismiss when the Court found that good cause had not been shown to allow the filing of the claim after the expiration of the 180-day period, since the good cause requirement only need be shown where no notice of intention was filed within the 180-day period, and since in this case, a notice of intention was filed within the 180-day period."

The trial court in sustaining defendant's motion to dismiss upon the grounds that the complaint was not filed within the time prescribed by R. C. 2743.16(A) made the following findings:

"* * * [A] letter received by the Clerk of this Court on March 7, 1977, did not conform to notice of intent requirements of Section 2743.16(A), (B) and (C) R. C. * * *

"The Clerk returned said letter enclosing complaint forms to counsel. Nothing appears on the docket of this Court prior to May 18, 1977. * * *

"Notice of intent requirements by the statute, Court of Claims Rule 3(A), (B), (C) and (D), and Court of Claims Local Rule 4(A), (B), (C) and (D) require claimant file eight copies of such notice with the Clerk, who is required to send copies to the Attorney General and the entity whose acts give rise to the claim. In accordance with Section 2743.09(F), Court of Claims Rule 2(A) and (C) and Court of Claims Local Rule 3(A) no fees were tendered."

It appears that the alleged claim for relief arose on October 6, 1976, and that, by letter dated March 2, 1977, addressed to the clerk of the Court of Claims, a plaintiff attempted to file a notice of intention to file a claim pursuant to R. C. 2743.16(A). The clerk of the Court of Claims received this notification on March 7, 1977, but returned it to plaintiff's counsel without explanation or any indication that it had been rejected for filing as a written notice of intention to file a civil action. The clerk apparently sent to plaintiff's counsel printed complaint forms applicable to claims of less than $1,000, including those submitted for administrative determination, even though the notice in-

dicated that plaintiff was claiming $5,000 damages. Nevertheless, plaintiff completed the complaint forms sent to her counsel by the clerk of the Court of Claims and filed them on May 18, 1977, giving rise to the motion to dismiss.

R. C. 2743.16(A) provides that civil actions to recover for personal injury caused by tortious conduct must be commenced within 180 days of the accrual of the cause of action "unless the claimant files in the court of claims within the respective one hundred eighty day period a written notice of intention to file a civil action * * *." If such a written notice of intention be filed, the civil action may be commenced within two years of the time of the accrual of the cause of action. Neither the statute nor the Court of Claims rules prescribed a form for the notice of intention to file a civil action. R. C. 2743.16(C) sets forth that which must be contained in such a notice of intention. The letter herein involved contains all the information prescribed by R. C. 2743.16(C).

However, R. C. 2743.16(B) prescribes that "the claimant shall file eight copies of the notice of intention with the clerk of the Court of Claims." That section further provides that the clerk of the Court of Claims must send copies of the notice of intention to the Attorney General and to the state agency named as a defendant in the notice. It does not affirmatively appear from the record how many copies of the notice of intention were filed; however, it is reasonable to infer that only a single copy of the letter was filed with the clerk of the Court of Claims.

Assuming that the clerk of the Court of Claims may reject outright a notice of intention filed with insufficient copies, the clerk should retain the copy so filed for record purposes and notify the claimant that insufficient copies were furnished, affording an opportunity to the complainant to furnish the additional copies. Here, the clerk neither accepted nor rejected the notice of intention but returned it without explanation, but did enclose complaint forms.

Defendant contends that the clerk properly rejected the notice of intention because no deposit to secure costs accompanied the notice of intention. The Court of Claims

correctly noted that no such deposit was required. R. C. 2743.09(F) requires the clerk of the Court of Claims to "[c]harge and collect fees pursuant to section 2303.20 of the Revised Code * * *." Neither section requires payment of a fee as a prerequisite to filing a notice of intention, pursuant to R. C. 2743.16, which, likewise, contains no requirement of the payment of a fee, or a deposit to secure costs, as a prerequisite to the filing of a notice of intention to file a civil action. Court of Claims Rule 2(A) provides that: "The clerk * * * shall not accept a claim for filing * * * unless such filing is accompanied by the filing fee prescribed by the court." Court of Claims Rule 2(C) provides that fees shall be established by local rule of the court. There is no local rule establishing a fee for the filing of a notice of intention to file a claim. Court of Claims Rule 3 and Court of Claims Local Rule 4 pertain to notices of intention to file claims, and neither sets a fee for such filing or prescribes the payment of a fee to be a prerequisite to the filing of the notice of intention. Court of Claims Local Rule 3(A) does provide that: "The clerk * * * shall not accept a claim for filing unless such filing is accompanied by a deposit to secure costs which shall be seven dollars and fifty cents." Such rule requires and fixes a security deposit with respect to the filing of a claim, which of course is commenced by the filing of a complaint, but makes no provision for the payment of a fee or a security deposit with respect to a notice of intention to file a claim. Furthermore, there is no indication that the clerk of the Court of Claims requested or demanded a filing fee, or security for costs, as a condition for the filing of the notice of intention. Rather, the clerk gave no explanation to plaintiff for the failure to process the notice of intention.

It appears that plaintiff made a good-faith effort to comply with the requirement of R. C. 2743.16(A) that a notice of intention to file a claim be filed within 180 days after accrual of the cause of action, even though the requisite number of copies of the notice was not filed, the effectiveness of such notice being defeated by the unexplained action of the clerk of the Court of Claims. Al-

though the clerk of the Court of Claims is not required to make the necessary copies for the claimant, if the filing of the notice of intention be rejected for that reason, the clerk should notify the claimant that insufficient copies were filed. Likewise, if the clerk demands a filing fee or security deposit, which is not clearly required by either the statute or the rules, as a requisite to the filing of the notice of intention, the clerk most assuredly should notify the claimant that the notice of intention is rejected for that reason.

Although plaintiff did not fully comply with the provision of R. C. 2743.16 with respect to the filing of a notice of intention to file a civil action, there was sufficient compliance, in light of the circumstances of this case, that plaintiff should be entitled to proceed with her action pursuant to the complaint filed May 18, 1977. Accordingly, the first assignment of error is well taken.

As indicated by plaintiff, where there has been sufficient compliance with R. C. 2743.16(A) by the filing of a notice of intention to file a claim, the 180-day statute of limitations does not apply. Accordingly, it is not required that the plaintiff show good cause for the allowance of the filing of the claim after the expiration of the 180-day period. However, the circumstances of this case demonstrate good cause for the allowance of the late filing of the complaint, even if the defective filing of the notice of intention to file a civil action be insufficient to extend the statute of limitations. R. C. 2743.16(D) permits the commencement of the civil action after the expiration of the 180-day period where good cause is shown and where it is demonstrated that "the state or its appropriate agents had knowledge of the essential facts constituting the civil action prior to the expiration of the one-hundred-eighty-day period." The Court of Claims found that it was unable to make this determination. However, the notice of intention states expressly that: "A report of the incident was taken by employees of the Bureau of Employment Services on the date of the accident." There is nothing in the record to refute this statement, nor has the defendant denied the correctness thereof. The Court of Claims noted that the

234

incident report had not been presented in evidentiary form; however, such report would be in the possession of defendant, rather than plaintiff, although subject to subpoena if an evidentiary hearing were held.

It appears that the Court of Claims did not conduct an evidentiary hearing, although it did set a date by which plaintiff was to show good cause for the allowance of the late filing of the complaint. As noted, plaintiff did allege good cause for such late filing, one of the two requisites under R. C. 2743.16(D) for the allowance of a late filing. The second requisite, that the state had knowledge of the essential facts constituting the claim prior to the expiration of the 180-day period, was also in effect alleged by the reference to the incident report. Unfortunately, there was no evidentiary hearing held, the Court of Claims merely setting a date by which the plaintiff was to show good cause without specifying or directing any manner of presenting evidence in support of the allegations of good cause, as well as knowledge by the state of the essential facts. Assuming the filing by plaintiff was insufficient to constitute a notice of intention to file a cause of action, the Court of Claims, at the very least, should have conducted an evidentiary hearing of some nature in order to determine whether good cause existed and whether the state had prior knowledge of the existence of the essential facts constituting plaintiff's claim. Accordingly, for these reasons and to this extent, both assignments of error are well taken.

For the foregoing reasons, both assignments of error are sustained, and the judgment of the Court of Claims is reversed, and this cause is remanded to that court for further proceedings in accordance with law consistent with this decision.

*Judgment reversed and cause remanded.*

HOLMES and McCORMAC, JJ., concur.